OPINION
HATHAWAY, Judge.
This special action arises out of the request of the real party in interest, Ramona Armstrong, for additional temporary attorney’s fees in a pending dissolution action. A brief chronology of events in the action below is necessary as a background to our disposition of the case. For convenience, the parties will be referred to as designated in the superior court action.
The petition for dissolution was filed in April 1982. On July 15, 1983, respondent filed a petition in the trial court (respondent in this special action) for an order to show cause why petitioner should not be required to pay respondent’s additional temporary attorney’s fees in an amount not less than $300,000, together with $50,000 in actual and projected costs and expenses. The hearing on the order to show cause was set for August 1, 1983.
On July 29, upon motion of petitioner, the hearing was continued to August 15. The request for the continuance was based at least in part on petitioner’s asserted need to undertake discovery with respect to respondent’s present income and legal expenses. During the period between the two hearings, petitioner took the depositions of respondent, two of her attorneys and the bookkeeper for respondent’s counsel. At the August 15 hearing, petitioner filed a motion to compel discovery and sought another continuance of the hearing on the order to show cause on the grounds that respondent’s invocation of the Fifth Amendment at her deposition, and the other deponents’ failure to produce documents pursuant to petitioner’s subpoenas, had precluded petitioner from obtaining information necessary to respond to the order to show cause. Petitioner also pointed out to the court that respondent had failed to file the affidavit required by Rule 8.4(b) of the local rules of the Pima County Superior Court. Although respondent filed the affidavit at the August 15 hearing, the court granted a continuance of the hearing until August 22. The court refused to rule on petitioner’s motion to compel discovery.
At the August 22 hearing, petitioner orally moved the court to dismiss the petition for additional temporary attorney’s fees on the ground that respondent’s invocation of the Fifth Amendment precluded her from requesting attorney’s fees based on information which she refused to provide to petitioner. In response to petitioner’s oral motion, counsel for respondent pointed out to the court that petitioner also had failed to file the spousal affidavit required by Rule 8.4(b) two days prior to the August 22 hearing, and requested the court to proceed with the hearing and impose on petitioner the sanctions set forth in that rule. Although petitioner tendered the affidavit at the hearing, the court apparently concluded that the petitioner’s motions were primarily for the purpose of further delaying respondent’s request for additional attorney’s fees, and on the express basis of petitioner’s failure to file the affidavit two days prior to the hearing, ruled as follows:
“THE COURT: Pursuant to the request of the respondent and Rule 8.4, I’m going to grant a continuance of the hearing on this, continue the matter of attorney’s fees to the time of trial.
I’m gonna enter an interim award of temporary attorney’s fees pendente lite, based upon the affidavit of the respondent filed last week in court, and upon the additional evidence that the respondent wishes to introduce at this time, and *131 preclude the petitioner from introducing any evidence, and from cross-examining the applicant for purposes of this interim award—
******
THE COURT: —the continuance of the hearing on interim — or on temporary attorney’s fees at the time of trial is without prejudice to renoticing or refiling that request in the event that the case does not proceed to trial on November 7, 1983.”
The court then proceeded to hear testimony from counsel for respondent as to the services provided and costs paid by them from November 26, 1982, through June 30, 1983. This testimony, which estimated respondent’s reasonable attorney’s fees to be $200,000 and costs to be $25,000, was based on two compilations which were introduced into evidence but which are not before this court. Counsel for respondent also estimated that another 300 hours had been expended on respondent’s behalf between June 30 and August 22, 1983. No testimony was given as to counsel’s anticipated fees and expenses for the period from August 22 to November 7, the estimated trial date. Counsel for petitioner was precluded by the court from offering evidence, cross-examining respondent’s witness, entering objections to the exhibits, or in any way participating in this portion of the hearing.
On September 16,1983, the court entered the following order:
“The respondent’s Order to Show Cause having come on for hearing on the 22nd day of August, 1983, sitting without a jury before the HONORABLE ROBERT J. HOOKER, on the issue of additional temporary attorney’s fees and the Court having taken evidence both documentary and orally and having considered the same, the Court finds as follows:
1) That the respondent has a continuing need and current inability to pay attorneys’ fees and expenses, pendente lite;
2) Respondent has incurred attorneys’ fees from November 26, 1982, through and including June 30, 1983, in an amount in excess of $200,000.00;
3) Respondent’s attorneys’ fees and expenses are reasonable in light of the nature of ths [sic] litigation, the number and nature of the pleadings, motions, hearings, appeals, and special actions and travel;
4) Petitioner has sufficient income and property and, therefore, the ability to pay temporary attorneys’ fees in an amount of at least $100,000.00, pendente lite.
IT IS THEREFORE ORDERED that petitioner shall pay to respondent’s attorneys forthwith $100,000.00 as and for temporary attorneys’ fees. Said amount is not including the $43,000.00 heretofore Ordered. Said award is without prejudice to the petitioner requesting that the trial court set off this amount against any award ultimately made to the respondent herein and is without prejudice to the respondent to requesting an additional interim award in the event that the current trial date of November 7, 1983, does not proceed as scheduled.”
Pursuant to this order, respondent’s counsel (also real parties in interest herein) obtained the issuance of a writ of general execution ordering the sale of petitioner’s interest in the parties’ residence. Petitioner’s petition for special action was filed in this court on October 28, 1983, and upon the trial court’s denial of petitioner’s request for a stay of the execution sale pending this court’s ruling on the special action, petitioner applied to this court for relief. Following oral argument on the special action petition, we granted an interlocutory stay pending our final determination of the special action. Because we conclude that the trial court exceeded its jurisdiction and abused its discretion, and that petitioner has no plain, speedy and adequate remedy by way of appeal, we accept jurisdiction and vacate both the order of September 16, 1983, granting additional temporary attorney’s fees to respondent, and the writ of execution issued pursuant to that order.
Rule 8.4 of the local rules of the Pima County Superior Court provides in pertinent part:
*132 “(b) Order to show cause for temporary order. In each domestic relations proceeding where an application for an Order to Show Cause is being made for temporary ... attorney’s fees, the applicant shall file the Court-approved form, ‘Spouse’s Affidavit on Order to Show Cause.’ ... The opposing party shall respond by filing the Court-approved form, ‘Spouse’s Affidavit on Order to Show Cause.’ The original of the affidavit shall be filed with the Clerk of the Superior Court and it shall be the responsibility of the opposing party, or his or her attorney, to make a good faith effort to insure that the applicant’s attorney, or, if unrepresented, the applicant, receives a copy no later than two (2) days prior to the date set for hearing or two (2) days after service of the Order to Show Cause, whichever is later____ If the opposing party fails to comply with this rule, upon the applicant’s request and in the absence of good cause shown, the Court may continue the hearing, enter an interim award of relief to the applicant based on his or her spouse’s affidavit, and award applicant his or her attorney’s fees incurred in preparing for and attending the hearing. For purposes of making an interim award, the Court may, on its own motion, examine the applicant if it deems such examination necessary. The opposing party may be precluded from introducing any evidence and from cross-examining the applicant for purposes of making an interim award.” (Emphasis added).
Although this rule was adopted in 1981 and has yet to be construed by the courts, we believe the language of the rule is clear. When a petition for an order to show cause has been filed under this rule, both spouses are required to file and serve upon the other the court-approved form of spousal affidavit, the applicant with her petition and the opposing party two days prior to the hearing or two days after service, whichever is later. The emphasized portions of the rule deal with the situation where the opposing party has failed to file his affidavit and provide a means by which the court may effectively compel compliance with the rule prior to an adjudication on the merits of the petition. Specifically, if requested by the applicant, the court may continue the hearing on the order to show cause and make an “interim award” based solely upon the evidence presented by the applicant. Further, the opposing party may be precluded from participating in the proceedings to the extent that they pertain to this interim award. The fact that the rule provides for a continuance of the hearing and authorizes the court to grant only an interim award, rather than the temporary fees requested, clearly implies that the interim award is intended to cover only that period between the date originally set for the hearing on the order to show cause and the date of the continued hearing. The drastic nature of the sanctions which may be imposed on the opposing party reinforces our conclusion that this portion of Rúle 8.4(b) was intended solely to enforce compliance with the affidavit requirement so that the parties and the court have sufficient facts concerning respective income and expenses.
It is apparent from the language of the September 16, 1983, order and the transcript of the August 22 hearing that the trial court erred in its interpretation and application of Rule 8.4(b). Assuming, without deciding, that it was proper under Rule 8.4(b) for the court to continue the hearing until the trial, some two and one-half months away, it is clear from the language of the order that the court proceeded to the merits of the petition and granted respondent’s request for temporary attorney’s fees rather than making an interim award. The order specifically recites the court’s finding of the amount of attorney’s fees incurred from November 26, 1982, to June 30, 1983, and makes no reference to the “interim” period from August 22 to the date of the continued hearing (i.e., the trial). Further, despite, the statements of the court at the hearing, the order awards $100,000 as temporary attorney’s fees, not as an interim award. In *133 any event, there was no factual basis for such an interim award. As noted above, the testimony of respondent's counsel was addressed solely to the period from November 26, 1982, to August 22, 1983. To the extent that it was the court’s intention to grant only the interim relief as authorized by Rule 8.4(b), the court erred in awarding attorney’s fees and costs unrelated to the period between August 22 and the date of the continued hearing. To the extent that the court intended to rule on the merits of respondent’s application, it erred in continuing the hearing and precluding petitioner from presenting evidence, cross-examining the witness or otherwise participating in the hearing.
The order of the trial court dated September 16, 1983, granting respondent additional temporary attorney’s fees is vacated, and the writ of general execution issued pursuant thereto is quashed.
HOWARD, C.J., and BIRDSALL, J., concur.